1 Kevin J. Yourman (147159)
Vahn Alexander (167373)
2 WEISS & YOURMAN
10940 Wilshire Boulevard, 24th Floor
3 Los Angeles, CA 90024
Telephone: (310) 208-2800
4
Michael D. Braun (167416)
5 Marc L. Godino (186289)
STULL, STULL & BRODY
6 10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024
7 Telephone: (310) 209-2468

8 Frederic S. Fox
Janine R. Azriliant
9 KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
10 New York, NY 10022
Telephone: (212) 687-1980
11 -and-
Laurence D. King (206423)
12 100 Pine Street, Suite 2600
San Francisco, CA 94111
13 Telephone: (415) 677-1238

14 *Co-Lead Counsel for Plaintiffs*

FILED
CLERK, U.S. DISTRICT COURT

OCT 3 0 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

✓ Priority
✓ Send
✓ Clsd
✓ Enter
___ JS-5/JS-6
___ JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT

OCT 3 1 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

15

16 UNITED STATES DISTRICT COURT

17 CENTRAL DISTRICT OF CALIFORNIA

18 IN RE ECONNECT, INC. SECURITIES ) Master File No. CV-00-2674 MMM (JWJx)
LITIGATION )
19                                 )
                                   ) CLASS ACTION
20 _____    )
                                   ) [PROPOSED] ORDER AND FINAL
21 THIS DOCUMENT RELATES TO:       ) JUDGMENT WITH AMENDED
                                   ) EXHIBIT A ATTACHED
22     ALL ACTIONS                 )
                                   ) DATE: October 22, 2001
23                                 ) TIME: 10:00 a.m.
                                   ) CTRM: Hon. Margaret M. Morrow
24 _____    )

25
✓ Docketed
26 ✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
27 ___ JS - 2 / JS - 3
___ CLSD
28

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: CV-00-2674 MMM



LODGED 2001 OCT 25

This matter came for hearing on October 22, 2001(the "Settlement Hearing"), upon the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 1, 2001 (the "Stipulation"). Due and adequate notice having been given to the Members of the Settlement Class, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. As previously stipulated to by the Settling Parties, the Court hereby certifies a Settlement Class, pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, consisting of all Persons (except Defendants, their affiliates and any of eConnect's officers or directors or its affiliates, and any members of the immediate family of Defendants, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party) who purchased or otherwise acquired the securities of eConnect during the period from November 18, 1999 through March 13, 2000, inclusive, and excluding those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice.

3. This Court has jurisdiction to enter this Final Judgment and Order of Dismissal. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

4. The notice given to the stockholders of eConnect, Inc. ("eConnect" or the "Company") as set forth in the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice of Pendency"), Proof of Claim and Release, and publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Directing Notice of Pendency and Settlement of Class Action and Setting Hearing Date for Final Approval of Settlement constituted the best notice practicable under the circumstances, including the individual notice to stockholders who could be identified through reasonable effort.

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: CV-00-2674 MMM

2

5.     Pursuant to and in compliance with Rule 23 of the *Federal Rules of Civil Procedure*, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons who are Settlement Class Members, advising them of the Settlement, the Plan of Allocation, and plaintiffs' counsel's right to apply for attorney's fees and reimbursement of expenses associated with the Litigation, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Settlement Class Members to be heard with respect to the foregoing matters.

6.     Pursuant to Rule 23 of the *Federal Rules of Civil Procedure,* this Court hereby approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Representative Plaintiffs, and the Settlement Class and each of the Settlement Class Members, in light of the complexity, expense and possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, the Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.     The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund to Settlement Class Members, as set forth in the Notice of Pendency is, in all respects, fair, reasonable and adequate and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency, sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

8.     Except as to any individual claim of those Persons who have filed timely and valid requests for exclusion and who are identified in *Exhibit A* attached hereto, the Litigation is

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: CV-00-2674 MMM

3

1  dismissed on the merits with prejudice as to Defendants, without costs to any party as against any

2  other, and the Representative Plaintiffs and all Settlement Class Members are forever enjoined and

3  barred from commencing or prosecuting, either directly, derivatively, representatively or in any

4  other capacity, a class action or any other action against any of the Released Persons, past and

5  present, with respect to, based on, arising from or related to any and all Released Claims or causes

6  of action, including Unknown Claims, that have been or might have been asserted by the

7  Representative Plaintiffs or the Settlement Class Members, or any of them, against Defendants, or

8  any of them, based upon or related to the purchase or acquisition of eConnect securities by the

9  Representative Plaintiffs or Settlement Class Members during the period from November 18, 1999,

10 through March 13, 2000, inclusive, and the facts, transactions, events, occurrences, acts or

11 omissions which were or could have been alleged in the Litigation.

12      9.      On the Effective Date, as defined in the Stipulation, the Representative Plaintiffs and

13 each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment

14 shall have, fully, finally and forever released, relinquished and discharged all Released Claims

15 (including Unknown Claims) against the Released Persons, whether or not such Representative

16 Plaintiffs and Settlement Class Members execute and deliver Proof of Claim and Release forms.

17 The Representative Plaintiffs, the Settlement Class Members, or Co-Lead Counsel may hereafter

18 discover facts in addition to or different from those which he, she, or it now knows or believes to

19 be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs

20 and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by

21 operation of this Judgment shall have, fully, finally and forever settled and released any and all

22 Released Claims (including Unknown Claims), known or unknown, suspected or unsuspected,

23 contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

24 have existed upon any theory of law or equity now existing or coming into existence in the future,

25 including, but not limited to, conduct which is negligent, intentional, with or without malice, or a

26 breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

27 different or additional facts.

28

PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: CV-00-2674 MMM

4

10.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment and Order of Dismissal shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and all plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or connected with the institution, prosecution, or resolution of the Litigation.

11.     All Persons who have filed valid and timely requests for exclusion from the Settlement Class shall not be bound by this Final Judgment and Order of Dismissal.  A list of the names of those persons who are not bound by this Final Judgment and Order of Dismissal is attached as *Exhibit A* hereto.  Persons who would have been Settlement Class Members, but who validly and timely requested exclusion from the Settlement Class, may pursue their own individual remedies, if any.

12.     Defendants' consent to the Stipulation, and the Settlement provided for therein, may not be construed as an admission by Defendants, nor is this Judgment a finding of the validity of any claims in the Litigation or of any wrongdoing by Defendants.  Furthermore, Defendants' consent to the Stipulation, and the Settlement provided for therein, may not be construed as a concession by any defendant, nor shall it be used as an admission of any fault or omission by any defendant.  Neither this Judgment, the Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation is, may be construed as, or may be used as, an admission by or against Defendants of any fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Stipulation, and the Exhibits thereto, and any negotiations or proceedings related thereto shall not, in any event, be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by any Defendants and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release; except that the Stipulation and the Exhibits may be filed in this Litigation or related litigation as evidence of the settlement or in any subsequent action against or by the Defendants to support a defense of *res judicata,* collateral estoppel, release,

1  good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

2  preclusion or similar defense or counterclaim.

3         13.    The Court reserves jurisdiction, without affecting the finality of this Judgment, over:

4  (a) implementation of this Settlement, the allowance, disallowance or adjustment of any Settlement

5  Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund;

6  (b) disposition of the Settlement Fund; (c) hearing and determining Co-Lead Counsel's applications

7  for attorneys' fees, and reimbursement of expenses (including fees and costs of experts and/or

8  consultants) and any interest thereon; (d) enforcing and administering this Judgment; (e) enforcing

9  and administering the Stipulation including any releases executed in connection therewith; and

10 (f) other matters related or ancillary to the foregoing.

11        14.    The Court finds that during the course of the Litigation, the Settling Parties and their

12 respective counsel at all times complied with the requirements of Rule 11 of the *Federal Rules of*

13 *Civil Procedure.*

14        15.    A separate order shall be entered to approve Co-Lead Counsel's application for fees

15 and reimbursement of costs and expenses as allowed by the Court.  Such order shall not disturb or

16 affect any of the terms of this Judgment.

17        16.    In the event that the Settlement does not become effective in accordance with the

18 terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned

19 to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and

20 in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and

21 releases delivered in connection herewith shall be null and void to the extent provided by and in

22 accordance with the Stipulation.

23

24 IT IS SO ORDERED.

25

26 DATED: *October 29, 2001*                              *Margaret M. Morrow*
                                                    _____
27                                                  HONORABLE MARGARET M. MORROW
                                                    UNITED STATES DISTRICT COURT JUDGE
28

Submitted by:

Kevin J. Yourman
Vahn Alexander
WEISS & YOURMAN
10940 Wilshire Blvd., 24th Floor
Los Angeles, CA 90024
Tel: (310) 208-2800

Michael D. Braun
Marc L. Godino
STULL, STULL & BRODY
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA  90024
Tel: (310) 209-2468

Frederic S. Fox
Laurence D. King
Janine R. Azriliant
KAPLAN KILSHEIMER & FOX LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980

*Co-Lead Counsel for the Plaintiffs*

BLUEBIRD onon.com (6-8) 4-17-0/00

**EXHIBIT  A**

## AMENDED EXHIBIT A

Dixie R. Tanksley
Laurel Belkin
Curtis Rogers, Jr
Jed F. Christensen
Heidi Holt
Robert W. Trask
Mark S. McCoy
Maria L. Larsen
Carter Danis
Robert T. Walsh
Margaret Walsh
Ron Wilkinson
Louise C. Hrabak
William R. Hrabak
Paul Trinh
Angela M. Lang
Thomas C. Coleman
Barbara P. Beach
Daniel Schulman
Donna Schulman
Barbara L. Jeska
Glenn A. Saucier
George Adami
Cecelia G. Grimes
Brady D. Stanton
Martha K. Stanton
Nasir Gebelli
Leah M. Magill
James H. Magill
Timothy L. Cummings
Judith A. White
Harold E. Race
Barbara J. Race
Eric F. Jeska
Christopher M. Oman
Edward Kennedy
Michael Calder
Pauline C. Stensland
Richard C. Adams
Anthony J. Martin
Nancy E. Martin

Walter C. Pickell, Jr.
Virginia A. Pickell
Kenneth E. Milbourne
Mark Goodmaster
Warren G. Paterson
Mary E. Wilson
Thomas E. Firth, Jr.
Nancy C. Firth
Troy C. Garretson, Sr.
Duane S. Garretson
Steven R. Coatney
James E. Rota, DDS
Gregory Albanese
Robert Albarran
Cynthia L. Albarran
David Nurmi
Victoriya Scott
Ronald E. Linski
Judith D. Linski
Ronald D. Prynne
Shawn P. Quinn
Katherine Longhurst
(Laing & Cruickshank Invst. Mngmt.)
L. Wayne Kendall
Merry C. Kendall
Howard L. Fryett
Joyce C. Fryett
Michael L. Butler
Lori A. Butler
Daniel Dougherty
Robert J. Fulton
Elaine Fulton
Brian Johnson
Jarda Skyba
John J. Luxem
David Greenstein
Josephine B. Gonzales
Paulette Nichols
Scott W. Ferguson
Rob Donaldson
Sergio Garcia

1

Warwick R. Furr, II
Stanley Grimshaw
Onelia E. Gonzalez-Rivas
Paul H. Chameli
Daniel J. Fogarty

2